KENTUCKY BAR ASSOCIATION,
Complainant,

v.

John R. FOX d/b/a Jackson Purchase
Collection Agency, Respondent.

Supreme Court of Kentucky.

April 30, 1976.

Leslie G. Whitmer, John T. Damron, Kentucky Bar Assn., Frankfort, for complainant.

Joseph S. Freeland, Paducah, for respondent.

PER CURIAM.

The Kentucky Bar Association charges John R. Fox, who is trading and doing business under the firm name and style of Jackson Purchase Collection Agency, with unauthorized practice of law (RCA 3.460). On September 26, 1975, a rule issued from the office of the Clerk of the Court of Appeals of Kentucky commanding the respondent Fox to show cause, if any he has, why he should not be punished for such conduct. The parties filed a stipulation dated November 11, 1975, as follows:

"Subject to the approval of the Special Commissioner and the Court, which is hereby requested, it is stipulated by and between the parties, by their undersigned counsel, as follows:

1. At all times herein mentioned, the respondent, John R. Fox, owned and operated as sole proprietor at Paducah, Kentucky, a collection agency known as Jackson Purchase Collection Agency.

2. On or about November 19, 1974, G. H. Grimm, an officer of the Paducah Bank and Trust Company, signed and delivered to respondent a writing, a copy of which is annexed hereto as Exhibit No. 1.

3. On or about November 26, 1974, Hon. J. William Howerton, as counsel for said bank, signed and transmitted to respondent a letter, a copy of which is annexed hereto as Exhibit No. 2.

4. With said letter there was also transmitted to respondent, together with other documents not relevant to the particular charge involved in this proceeding, a photocopy of a promissory note and security agreement signed by Kenneth R. Brookshire and Sheila J. Brookshire, a copy of which photocopy is annexed hereto as Exhibit No. 3. At that time, there was owing to said bank on said note the sum of $331.86. However, the original note and security agreement were not at any time endorsed or delivered to respondent.

5. On or about February 20, 1975, respondent wrote and transmitted to the said Grimm, as an officer of said bank, a letter, a copy of which is annexed hereto as Exhibit No. 4.

6. At some time in May, 1975, respondent prepared, signed and filed in one of the Justice of the Peace courts of McCracken County, Kentucky, a complaint against Kenneth R. Brookshire, a copy of which complaint is annexed hereto as Exhibit No. 5. A summons was issued on the complaint and was served upon the said Brookshire.

7. No further proceedings took place in said action in the Justice of the Peace court because on June 16, 1975, the said Brookshire filed a voluntary bankruptcy petition in the United States District Court for the Western District of Ken-

tucky. A copy of the notice of bankruptcy is annexed hereto as Exhibit No. 6.

8. This cause may be submitted to the Special Commissioner and the Court for decision upon this stipulation and such briefs as may be directed to be filed by the respective parties.

This 11th day of November, 1975."

Without the taking of any testimony, the cause was, by agreement of the parties, submitted for judgment. on the stipulation and on briefs. The Honorable Robert M. Short, Special Commissioner, found that respondent did engage in the unlawful practice of law and recommended to this court that the respondent be fined $200, plus the costs of the action, and that he be permanently enjoined from further violations.

Respondent contends that the accounts were assigned to him for collection and as an assignee he is the real party in interest and thereby authorized to file suit for the collection of the accounts without engaging the services of an attorney at law.

The case of *Mutual Bankers Corporation v. Covington Bros. & Co.*, 277 Ky. 33, 125 S.W.2d 202, strongly relied upon by the respondent, is not on point with the issues raised herein for at least two reasons. First, the record unequivocally reveals that the accounts were not assigned to respondent; they merely were placed with him for collection. Secondly, the record clearly demonstrates that in the event litigation became necessary on any of the accounts, the litigation would be handled by an attorney at law.

The practice of law is defined by RCA 3.020 as follows:

"The practice of law is any service rendered involving legal knowledge or legal advice, whether of representation, counsel or advocacy in or out of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services. But nothing herein shall prevent any natural person not holding himself out as a practicing attorney from drawing any instru-

ment to which he is a party without consideration unto himself therefor."

This court finds:

1. The conduct of the respondent in filing a lawsuit in his business name erroneously designating himself as assignee constitutes the unauthorized practice of law.

2. The respondent is fined the sum of $200, plus the costs of these proceedings.

3. The respondent is permanently enjoined from engaging in the further unlawful practice of law.

All concur.